1 | KATHLEEN A. LEAVITT
   CHAPTER 13 BANKRUPTCY TRUSTEE
2 | 201 Las Vegas Blvd. South, Suite 200
   Las Vegas, Nevada 89101
3 | Telephone: (702) 853-0700
   E-Mail: kal13mail@las13.com

*Electronically Filed on December 26, 2013*

UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF NEVADA

| | | |
|---|---|---|
| In re: | ) | BK-S 08-17953-BTB |
| | ) | Chapter 13 |
| LEE SALIBA & | ) | |
| ANNE C SALIBA, | ) | |
| | ) | Date:    January 9, 2014 |
| Debtors . | ) | Time:    2:30 p.m. |
| | ) | |

**TRUSTEE'S OPPOSITION TO DEBTORS' OBJECTION TO CITIMORTGAGE, INC'S PROOF OF CLAIM NO. 7-1**

COMES NOW the Chapter 13 Bankruptcy Trustee, Kathleen A. Leavitt, by and through her counsel of record, Danielle N. Gueck-Townsend, Esq., and files herewith her **TRUSTEE'S OPPOSITION TO DEBTORS' OBJECTION TO CITIMORTGAGE, INC'S PROOF OF CLAIM NO. 7-1** together with the following Memorandum of Points and Authorities.

**MEMORANDUM OF POINTS AND AUTHORITIES**

**Statement of Facts**

On July 19, 2008, Lee & Anne Saliba (hereinafter "Debtors") filed a voluntary petition seeking bankruptcy relief under Chapter 13 of the Bankruptcy Code. The Chapter 13 Trustee incorporates all documents filed in this case into this Opposition, and requests the Court take judicial notice of those documents.

Debtors' Statements and Schedules were filed with the voluntary petition on or about July 19, 2008. (*See* Docket No. 1). On Schedule D, Debtors listed a claim of "Citimortgage" in the amount of $40,137.00, did not list an account number, indicated it was disputed and in the description indicated "Wholly Unsecured Third Mortgage to be avoided." (Schedule D attached hereto as "Exhibit A."). On or about October 15, 2008, CitiMortgage, Inc. filed a secured claim in

1

1   the amount of $42,465.24 for account ending in -4984. (*See* Claim 7-1) (hereinafter "Creditor"). On or about August 12,

2   2008, Debtors filed a Motion to Value Collateral, "Strip Off" and Modify Rights of Citimortgage (Account Ending in

3   4984) Pursuant to 11 U.S.C. §506(a) and §1322 (hereinafter "Motion to Value") and an order granting the Motion to

4   Value was entered on or about October 21, 2008 (*See* Docket Nos. 17 & 31 respectively). On or about December 18,

5   2012, along with a request for an Order Shortening Time, the Debtors filed a Motion Permitting the Debtors to Short Sell

6   Real Property (hereinafter "Short Sale Motion") and an order granting the Short Sale Motion was entered on or about

7   January 22, 2013 (*See* Docket Nos. 69 & 77 respectively). To date, the Trustee has disbursed $9,969.69 to Creditor.

8   A Chapter 13 Plan was confirmed on November 6, 2008. On November 14, 2013, over five years after

9   confirmation of the Chapter 13 Plan and the Motion to Value, Debtors filed eight claim objections in this case. (*See*

10  Docket Nos. 99-113). The instant Objection is one of the objections filed (hereinafter "Objection"). The Objection asks

11  the Court to bar Creditor's claim from being asserted against the Debtors. Debtors further request that the Trustee not

12  "disburse any funds to this claim through the Debtor's chapter 13." Debtors list the reason for objecting to the claim as

13  being that Debtors believe the claim was satisfied through the short sale (*See* Docket No. 107).

14  For the reasons set forth below, Trustee requests that the instant claim Objection be overruled as it lacks

15  evidentiary support and fails to state a substantive basis upon which relief can be granted.

16

17

18                                              **Argument**

19  I.   **Debtors' objection to claim lacks the required evidentiary support and therefore should be overruled.**

20       Creditors in bankruptcy assert their claims against debtors by filing proofs of claim pursuant to 11 U.S.C. § 501.

21  A timely filed proof of claim is deemed allowed unless an objection is filed and sustained by the court. *See* FRBP 3001(f);

22  11 U.S.C. § 502(a); Lundell v. Anchor Constr. Specialists, Inc. (In re Lundell), 223 F.3d 1035, 1039 (9th Cir. 2000). A

23  filed claim constitutes "prima facie evidence of the validity and amount of the claim" and is "strong enough to carry over a

24  mere formal objection without more." *See* In re Lundell at 1039.

25       To overcome the presumption of validity created by a timely filed proof of claim, the objecting party initially

26  ...

27

28                                                  2

1  bears the burden to "produce evidence and show facts tending to defeat the claim by probative force equal to that of the

2  allegations of the proofs of claim themselves." Id. (citing In re Holm, 931 F.2d 620, 623 (9th Cir. 1991)). "If the objecting

3  party produces sufficient evidence to negate one or more of the sworn facts in the proof of claim, the burden reverts to the

4  claimant to prove the validity of the claim by preponderance of the evidence." In re Lundell at 1039 (quoting In re

5  Allegheny Int'l, Inc., 954 F.2d 167, 173-74 (3rd Cir. 1992)). The court in Holm found that the objecting party had "not met

6  his burden" because he had presented no evidence. In re Holm at 623. Similarly, the court in Lundell concluded that the

7  objecting party had not met his burden where the evidence produced was "not sufficient to rebut the allegations in the

8  claims." In re Lundell at 1040-41.

9  

10  The instant claim Objection fails to produce any supporting evidence, other than the filed Proof of Claim. Instead

11  of satisfying the requirement to proffer evidence to rebut the validity of the claim, the Debtors' Objection attempts to shift

12  the burden back on the claimant.  As the Court indicated in Holm, this practice is improper.  The Objection to Claim lacks

13  evidentiary support to rebut the validity of the claim.  Therefore, Debtors' objection should be overruled.

14  

15  **II. Debtors' objection fails to state a basis for the relief requested and therefore should be overruled.**

16  Bankruptcy Rule 3001[1] establishes the criteria for what documentation, if any, must be attached to a proof of

17  claim. *See* In re Moreno, 341 B.R. 813, 817 (Bankr. S.D. Fla, 2006). Rule 3001(c) provides that when a claim is based on

18  a writing, the original or a duplicate must be filed with the proof of claim. Moreover, Rule 3001(f) provides that a proof of

19  claim meeting the above standard, along with the other standards imposed in Rule 3001, "shall constitute prima facie

20  evidence of the validity and amount of the claim."  Neither Rule 3001, nor any other Rule provides a basis for the

21  disallowance of a claim solely due to a creditor's failure to comply with the document requirements of Rule 3001(c).

22  Rather, failure to comply with Rule 3001(c) is strictly an evidentiary defect which only deprives a claim of its prima facie

23  validity. In re MacFarland, 462 B.R. 857, 880 (Bkrtcy. S.D. Fla, 2011); In re Campbell, 336 B.R. 430 (9th B.A.P., 2005);

24  

25  In re Heath, 331 B.R. 424 (9th B.A.P., 2005).

26  ...

27  _____

[1] All references to "Rule" are intended to reference to the Federal Rules of Bankruptcy Procedure.

28

1    Although the creditor's claim may lose prima facie validity, the lack of documentation does not, by itself, justify

2    disallowance of the claim. In re Campbell at 435-36. This is especially true when the debtor scheduled the debt and

3    signed the schedules under penalty of perjury. In re MacFarland at 881. The majority of courts agree with this approach

4    and read 28 U.S.C. § 2075 and 11 U.S.C. § 502(b) as providing the bankruptcy court with no discretion to disallow a

5    claim for any reason other than those stated in §502. Id.; See, e.g., In re Reynolds, 470 B.R. 138 (Bkrtcy. D. Colo., 2012);

6    In re Johnson, 2012 WL 5430952 (Bkrtcy. D. Idaho, 2012); In re Rehman, 479 B.R. 238 (Bkrtcy. C.D. Mass., 2012); In

7    re Moreno at 817;   In re Burkett, 329 B.R. 820 (Bkrtcy. S.D. Ohio, 2005); In re Heath at 435;   In re Shank, 315 B.R.

8    799, 812 (Bkrtcy. N.D. Ga., 2004); In re Cluff, 313 B.R. 323, 337 n. 47 (Bkrtcy. D. Utah, 2004); In re Dove-Nation, 318

9    B.R. 147 (8th Cir. BAP, 2004). Accordingly, an objection seeking to bar a claim solely due to its lack of documentation

10   should be overruled.

11

12    The instant Objection must be overruled because it fails to state a basis upon which the requested relief can be

13   granted. The assertions set forth in the Objection ignore the fact that Creditor's claim was neither addressed in the Short

14   Sale Motion, nor in the accompanying order.  Additionally, there are no documents attached to the Short Sale Motion

15   indicating that the Creditor waived their right to a deficiency claim and/or were satisfied through the short sale. Debtors

16   scheduled Creditor and although it was listed as disputed, Debtors acknowledged Creditor and Creditor's claim by

17   avoiding it and reclassifying it as an unsecured claim through their Motion to Value. If the Debtors dispute the amount

18   owed, that is one issue and may warrant a decrease in the amount of the claim, but not disallowance of the claim as a

19   whole, especially after the Debtors acknowledged the debt by avoiding it through the Motion to Value. Debtors waited

20   over five years after the claim was filed and after their own Motion to Value to assert this objection. There is nothing on

21   record in this case that supports the Debtors contention that Creditor's claim was satisfied through the short sale process.

22   Therefore, Debtors' Objection fails to state a basis for the relief requested and should be overruled.

23

24

25                                             **CONCLUSION**

26    The instant claim Objection lacks evidentiary support and fails to state a basis upon which to grant the relief

27   requested. The practice of filing frivolous objections like this—hoping the objections are sustained as unopposed—is

28                                                    4

improper and impermissible under the Bankruptcy Code and Rules.

WHEREFORE, Trustee respectfully requests that this Honorable Court issue an Order:

1. Overruling the instant Objection to Claim;

2. Providing that the Objection to Claim is overruled with prejudice;

3. Precluding Debtors' Counsel from receiving any compensation for bringing and defending the instant claim Objection; and

4. Providing for such other and further relief as this Court deems appropriate and just.

5.

DATED this  26th day of December, 2013.

/s/      Danielle N. Gueck-Townsend
DANIELLE N. GUECK-TOWNSEND, ESQ.
Nevada Bar No. 12164
201 Las Vegas Blvd. South, Suite 200
Las Vegas, Nevada  89101
Attorney for the Trustee,
KATHLEEN A. LEAVITT

...

## CERTIFICATE OF SERVICE

I hereby certify that I am an employee of Kathleen A. Leavitt, Chapter 13 Bankruptcy Trustee; that I am over the age of 18 years; that on December 26, 2013, I served a copy of the foregoing **Trustee's Opposition** by electronic notice to the parties notated in the Court's ECF system for this case to their respective email addresses and to each of the following by depositing a copy in the United States Mails at Las Vegas, Nevada, in sealed envelopes containing first class pre-paid postage, addressed as follows:

LEE SALIBA
3115 LEONETTI COURT
LAS VEGAS, NV  89141

HAINES & KRIEGER LLC
8985 S EASTERN AVE, STE 130
HENDERSON, NV  89123

ANNE C SALIBA
3115 LEONETTI COURT
LAS VEGAS, NV  89141

Attn:  Officer, Managing or General Agent
CITIMORTGAGE, INC.
PO BOX 790022
ST. LOUIS, MO  63179-9968


/s/      ESTHER CARR
ESTHER CARR, An Employee of
KATHLEEN A. LEAVITT
CHAPTER 13 BANKRUPTCY TRUSTEE

# "EXHIBIT A"

B6D (Official Form 6D) (12/07)

In re    **Lee Saliba,**                                  Case No._____
               **Anne C Saliba**

                                       Debtors

# SCHEDULE D - CREDITORS HOLDING SECURED CLAIMS

    State the name, mailing address, including zip code, and last four digits of any account number of all entities holding claims secured by property of the debtor as of the date of filing of the petition. The complete account number of any account the debtor has with the creditor is useful to the trustee and the creditor and may be provided if the debtor chooses to do so. List creditors holding all types of secured interests such as judgment liens, garnishments, statutory liens, mortgages, deeds of trust, and other security interests.

    List creditors in alphabetical order to the extent practicable. If a minor child is a creditor, the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m). If all secured creditors will not fit on this page, use the continuation sheet provided.

    If any entity other than a spouse in a joint case may be jointly liable on a claim, place an "X" in the column labeled "Codebtor" ,include the entity on the appropriate schedule of creditors, and complete Schedule H - Codebtors. If a joint petition is filed, state whether the husband, wife, both of them, or the marital community may be liable on each claim by placing an "H", "W", "J", or "C" in the column labeled "Husband, Wife, Joint, or Community".

    If the claim is contingent, place an "X" in the column labeled "Contingent". If the claim is unliquidated, place an "X" in the column labeled "Unliquidated". If the claim is disputed, place an "X" in the column labeled "Disputed". (You may need to place an "X" in more than one of these three columns.)

    Total the columns labeled "Amount of Claim Without Deducting Value of Collateral" and "Unsecured Portion, if Any" in the boxes labeled "Total(s)" on the last sheet of the completed schedule. Report the total from the column labeled "Amount of Claim" also on the Summary of Schedules and, if the debtor is an individual with primarily consumer debts, report the total from the column labeled "Unsecured Portion" on the Statistical Summary of Certain Liabilities and Related Data.

☐    Check this box if debtor has no creditors holding secured claims to report on this Schedule D.

| CREDITOR'S NAME AND MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | CODEBTOR | Husband, Wife, Joint, or Community H / W / J / C | DATE CLAIM WAS INCURRED, NATURE OF LIEN, AND DESCRIPTION AND VALUE OF PROPERTY SUBJECT TO LIEN | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM WITHOUT DEDUCTING VALUE OF COLLATERAL | UNSECURED PORTION, IF ANY |
|---|---|---|---|---|---|---|---|---|
| Account No. <br><br> **Citifinancial** <br> **3035 N Rainbow** <br> **Las Vegas, NV 89108** | | J | **Wholly Unsecured Second Mortgage to be avoided** <br><br> **Single Family Home** <br> **7929 Aviano Pines** <br> **Las Vegas, NV 89129** <br> **2nd and 3rd mortgages to be avoided** | | | X | | |
| | | | Value $           **332,000.00** | | | | **15,371.00** | **15,371.00** |
| Account No. <br><br> **Citifinancial** <br> **3035 N Rainbow** <br> **Las Vegas, NV 89108** | | J | **Less than 910 days** <br><br> **2004 Mazda Tribute (60,000 miles)** | | | | | |
| | | | Value $           **4,250.00** | | | | **10,440.00** | **6,190.00** |
| Account No. <br><br> **Citimortgage** <br> **PO Box 9442** <br> **Gaithersburg, MD 20898** | | J | **Wholly Unsecured Third Mortgage to be avoided** <br><br> **Single Family Home** <br> **7929 Aviano Pines** <br> **Las Vegas, NV 89129** <br> **2nd and 3rd mortgages to be avoided** | | | X | | |
| | | | Value $           **332,000.00** | | | | **40,137.00** | **40,137.00** |
| Account No. <br><br> **Washinton Mutal Bank** <br> **Po Box 7098** <br> **Northridge, CA 91328-1098** | | J | **First Mortgage** <br><br> **Single Family Home** <br> **7929 Aviano Pines** <br> **Las Vegas, NV 89129** <br> **2nd and 3rd mortgages to be avoided** | | | | | |
| | | | Value $           **332,000.00** | | | | **385,517.00** | **53,517.00** |
| **0**   continuation sheets attached | | | Subtotal <br> (Total of this page) | | | | **451,465.00** | **115,215.00** |
| | | | Total <br> (Report on Summary of Schedules) | | | | **451,465.00** | **115,215.00** |

Copyright (c) 1996-2008 - Best Case Solutions - Evanston, IL - (800) 492-8037                   Best Case Bankruptcy